# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Kenan Johnson,

        Plaintiff,

v.                                    Case No. 1:20-cv-304-MLB

Crown Equipment Corporation,

        Defendant.

_____/

## OPINION & ORDER

    This products liability action involves an injury Plaintiff Kenan Johnson sustained while operating a Crown RC 5500, a stand-up forklift designed and manufactured by Defendant Crown Equipment Corporation. Defendant moves to strike and exclude the report of Plaintiff's expert Frank Adams (Dkt. 62) and exclude the testimony of Plaintiff's expert Edward Beard (Dkt. 63).[1] The Court rules as follows.

---

[1] Defendant also filed a motion for summary judgment. (Dkt. 64.) The Court will address that motion in a later order.

## I.    Background

On February 8, 2018, Plaintiff was operating a Crown RC 5500 while employed as a stock handler at the JC Penney Logistics Center in Forest Park, Georgia.  (Dkts. 63-1 at 1; 68 at 2.)  Plaintiff alleges that, while he was driving the machine, another coworker came down the aisle, so he pulled over to the side as a courtesy.  (Dkt. 68 at 2.)  As he did, he claims the RC 5500's mast struck an overhead beam and threw Plaintiff out of the operator's compartment.  (*Id.*)  Plaintiff alleges the RC 5500 then spun around and hit him, causing serious injuries.  (*Id.*)  Plaintiff contends the accident was caused by Defendant's failure to provide adequate warnings, both on the machine and in the operator's manual. (Dkt. 1 ¶¶ 21–24.)

## II.    Frank Adams

Defendant moves to strike and exclude the report of Plaintiff's expert Frank Adams because it was disclosed late.  (Dkt. 62.)  Under the Amended Scheduling Order, Plaintiff's expert disclosures were due on October 29, 2020.  (*See* Dkt. 40 at 1.)  On that date, Plaintiff disclosed Adams as an expert and produced his expert report.  (*See* Dkts. 44; 62-1; 62 at 2; 67 at 1.)  On February 9, 2021, Plaintiff supplemented Adams's

report.  (Dkt. 62 at 2.)  Defendant argues that Plaintiff should not be permitted to supplement Adams's report more than three months after the Court's deadline, particularly since the newly disclosed opinions are based on information that was available when Adams authored his initial report.  (*Id.* at 4.)  In response, Plaintiff withdraws Adams's supplemental report and represents to the Court that it will instruct Adams to limit his testimony to the topics and opinions contained within his October 29, 2020 report.  (Dkt. 67 at 1–2.)

The Court agrees this is the right outcome.  In the light of Plaintiff's withdrawal of Adams's February 9, 2021 supplemental report, the Court denies Defendant's Motion to Strike and Exclude the Late Disclosed Report of Plaintiff's Expert Frank Adams as moot (Dkt. 62).

## III.  Edward Beard[2]

The only remaining claim is failure to warn.  (Dkt. 43 (dismissing the other claims with prejudice due to the statute of repose).)  Plaintiff

---

[2] Defendant requests a hearing on its motion to exclude Mr. Beard.  (Dkt. 63 at 1.)  Defendant does not explain why a hearing is necessary or warranted.  (*Id.*)  The Court does not think a hearing is necessary and denies Defendant's request.

designated Mr. Beard as his liability expert on his failure to warn claim.

Mr. Beard gave four opinions:

1. It is my opinion that manufacturers and designers of machinery must follow the established safety design priorities, as recognized by the National Safety Council and other peer reviewed publications, to minimize hazards to users, and that this was not done with regard to the loss of balance hazard associated with the open operator's compartment of the Crown model number RC5530-35TT226, serial number 1A328622 lift truck.

2. It is my opinion it was foreseeable that, in circumstances where the deadman brake was applied at travel speeds in the forks trailing direction, the deceleration in this direction would have a tendency to move the operator toward the operator's compartment opening. This is exacerbated by the fact that the left or outermost leg of the operator would necessarily be raised to actuate the brake, causing an imbalance condition and allowing the person's center of gravity to shift outside of the stability zone. Additional force in the direction of the raised leg would have a tendency to rotate the operator's body in that direction, and in circumstances where this is sudden and unanticipated, the result could be the operator's body or portions of their body being ejected from the machine.

3. It is my opinion that the loss of balance that caused Mr. Johnson to be ejected from the truck was a foreseeable hazard and should have been addressed by Crown on the subject model number RC5530-35TT226, serial number 1A328622 lift truck.

4. It is my opinion that Crown did not apply the top 2 safety design priorities to the subject model number RC5530-35TT226, serial number 1A328622 lift truck with regard to the likelihood of an operator losing his balance due to rapid

deceleration during braking. Additionally, there were no warnings on the truck highlighting what can happen to the operator's balance when the brakes are applied or the magnification of this hazard with an impact, and similarly no warnings or language in the operator's manual regarding this issue. This constitutes a design defect and makes the truck unreasonably dangerous. This directly contributed to the circumstances that caused the accident.

(Dkt. 63-2 at 28.)

## A.    Alternate Warning

As noted above, under the Amended Scheduling Order, Plaintiff's expert disclosures were due on October 29, 2020. (*See* Dkt. 40 at 1.) On that date, Plaintiff disclosed Mr. Beard as an expert and produced his expert report (which had no alternate warning). (*See* Dkts. 44; 63-2.) On January 7, 2021 (i.e., the day of Mr. Beard's deposition), Mr. Beard produced a hand-drawn alternate warning for the first time. (Dkts. 63-3 at 28:1–29:5; 63-7.)[3]  Defendant asks the Court to exclude Mr. Beard's alternate warning because it was not properly disclosed in his expert report as required by Rule 26. (Dkt. 63-1 at 11.)  Plaintiff did not respond to this argument. (*See* Dkt. 68; *see also* Dkt. 72 at 9 n.4.)

---

[3] For deposition transcripts, the Court cites the page numbers applied by the CM/ECF system.

Federal Rule of Civil Procedure 26 states that an individual retained to provide expert testimony must provide a signed written report containing:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the expert in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case."

Fed. R. Civ. P. 26(a)(2)(B).  Under the Rule, "[a] party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  The parties have a duty to supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect."  Fed. R. Civ. P. 26(a)(2)(E), 26(e)(1)(A).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  The non-disclosing party bears the burden of showing that a failure to disclose was substantially justified or is harmless.  *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1328 (N.D. Ga. 2017); *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam).  Plaintiff, as the non-disclosing party, bears the burden of showing substantial justification or harmlessness.  Since Plaintiff did not respond to Defendant's argument, Plaintiff has failed to meet his burden.  The Court thus excludes Mr. Beard's hand-drawn alternate warning located at Document 63-7.

## B.   Testimony

Defendant moves to exclude Mr. Beard from testifying because his opinions are not based on any reliable methodology and his opinions would not assist the trier of fact.  (Dkt. 63.)  Plaintiff opposes the motion. (Dkt. 68.)

### 1.   Legal Standard

Trial courts serve a critical gate-keeping function for the admissibility of expert testimony.  *Daubert v. Merrell Dow Pharms., Inc.*,

509 U.S. 579, 589 (1993).   Expert testimony can be particularly persuasive, and as such, the role of the trial court is to keep speculative and unreliable testimony from reaching the jury.  *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002).  The gatekeeping function, however, "is not intended to supplant the adversary system or the role of the jury."  *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 509 U.S. at 596.

Federal Rule of Evidence 702 governs the admissibility of expert opinions:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In determining the admissibility of expert testimony under Rule 702, the Eleventh Circuit employs a rigorous three-part

inquiry. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). That is, expert testimony is admissible when

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The admissibility of an expert's opinion thus turns on three things: qualification, reliability, and helpfulness. *See id.*

Turning first to the qualification, expert status may be based on knowledge, skill, experience, training, or education. Fed. R. Evid. 702. "[T]here is no mechanical checklist for measuring whether an expert is qualified to offer opinion evidence in a particular field." *Santos v. Posadas De P.R. Assocs.*, 452 F.3d 59, 63 (1st Cir. 2006).

As for reliability, trial courts must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. To evaluate the reliability of scientific expert opinion, trial courts consider, to the extent

practicable: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential error rate of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community. *Frazier*, 387 F.3d at 1262. "These factors are illustrative, not exhaustive [and] not all of them will apply in every case . . . ." *Id.* The same criteria may be used to evaluate the reliability of non-scientific testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The final requirement for admissibility of expert testimony under Rule 702 is that it must assist the trier of fact. Expert testimony assists the trier of fact "if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262. Expert testimony generally will not help the trier of fact "when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262–63. Expert testimony does not help the trier of fact if it fails to "fit" with the facts of the case. *McDowell v. Brown*, 392 F.3d 1283, 1298–99 (11th Cir. 2004). Expert testimony lacks "fit" when "a large analytical leap must be made between the facts and the opinion." *Id.*; *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997) ("A court may conclude that

there is simply too great an analytical gap between the data and the opinion proffered.").

## 2.   Discussion

Defendant argues that all four of Mr. Beard's opinions are dependent on the assumption that it is a known hazard that operators lose their balance when they apply the service brake ("Service Brake Balance Hazard"). (Dkt. 63-1 at 18.)  Defendant argues that Mr. Beard's opinions are not relevant because Plaintiff testified that he did ***not*** have any issues maintaining his balance while applying the service brake, including immediately before he struck the overhead beam. (Dkts. 63-1 at 22–23; 72 at 9–12.)

Defendant's argument is persuasive. Expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue" to be admissible in federal court. Fed. R. Evid. 702(a). Why would it be helpful for a jury to hear Mr. Beard offer opinions about the potential for an operator to lose his or her balance when applying the service brake and the need for a warning about that when Plaintiff testified that did ***not*** happen to him?  The law is clear that expert testimony assists the trier of fact if it "logically advances a material aspect of the proposing

party's case" and "fits" the disputed facts.  *McDowell*, 392 F.3d at 1299. Based on Plaintiff's deposition testimony,[4] it is undisputed that he did not have any issues maintaining his balance while applying the service brake.  (Dkt. 63-4 at 9:15–10:15.)

Plaintiff's opposition brief fails to engage with Defendant's argument on this point in any substantive manner.  Plaintiff did not counter Defendant's argument by explaining why Mr. Beard's opinions remain relevant and helpful in the light of Plaintiff's testimony.  Instead, Plaintiff set forth a generalized argument that uses a lot of words to say nothing.  (Dkt. 68 at 11–13.)  Plaintiff's failure to address Defendant's specific criticism of Mr. Beard's opinions and failure to move beyond the general is dispositive.  Plaintiff, as the proponent of Mr. Beard as an expert, bears the burden of establishing helpfulness to the trier of fact, and Plaintiff failed to meet his burden.  *Frazier*, 387 F.3d at 1260.  The Court grants Defendant's *Daubert* motion and excludes Mr. Beard from

---

[4] At the time Mr. Beard wrote his report, Plaintiff had not yet had his deposition.  Mr. Beard's report is dated October 29, 2020, and Plaintiff's deposition took place on December 3, 2020.  (Dkts. 63-2; 63-4.)  That probably explains the disconnect between his opinion and Plaintiff's reality.

testifying.[5] *See, e.g.*, *Joiner*, 522 U.S. at 144–47 (finding no abuse of discretion in district court's exclusion of expert testimony when the proponent's response was nonresponsive to the critique of the opponent).

## IV.   Conclusion

The Court **DENIES AS MOOT** Defendant's Motion to Strike and Exclude the Late Disclosed Report of Plaintiff's Expert Frank Adams (Dkt. 62).

The Court **GRANTS** Defendant's Motion to Exclude Testimony of Edward Beard (Dkt. 63).

**SO ORDERED** this 23rd day of December, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[5] Because Mr. Beard's testimony is excluded since it would not assist the trier of fact, the Court need not address whether Mr. Beard used a reliable methodology.